Financial Indemnity Co. v. Cargile.

[Cite as Financial Indemnity Co. v. Cargile (1972),
32 Ohio Misc. 103.]

(No. A-261120—Decided June 28, 1972.)

Court of Common Pleas of Hamilton County.

*Messrs. McNamara & McNamara, Mr. Keith Mc-Namara* and *Mr. John S. Bechtold,* for plaintiff.
*Messrs. Roeller & Panos* and *Mr. Peter J. Panos,* for defendant.

Bettman, J. This case involves a determination of the effect of R. C. 3937.30 to 3937.39 on the nonrenewal of a ninety day automobile insurance policy. The controlling facts are not in dispute. On July 11, 1970, plaintiff insurer (here praying for a declaratory judgment) issued to de-

fendant insured a policy of automobile insurance including uninsured motorist coverage. On its face the stated policy period was July 7, 1970 to October 11, 1970. On September 20th the insurer mailed the insured a "Notice of Expiration and Renewal Order," which recited:

"Your policy expires on the due date shown (10/11/70). Please return this portion with your check or money order payable to Financial Indemnity Company in the self-addressed envelope.

"Receipt by the company of the 'amount due' on or before the due date will renew your policy. If payment is not made your policy will expire on the 'due date.'"

Defendant insured claims not to have received this notice, but for reasons set out below, this is not material. No payment of the "amount due" was made to the insurer prior to October 11th.

On October 16th the company mailed the insured a document entitled "Insurance Policy Notice of Lapse," which stated:

"The above continuing policy lapsed on the lapse date shown because the renewal premium has not been paid.

"You may renew your policy with a lapse of coverage by paying one of the four premium options shown above plus the late charge. This must be done within 30 days of the lapse date."

The lapse date was shown thereon as October 11th.

On October 16th defendant insured was involved in an automobile collision and claims coverage under the policy's uninsured motorist coverage.

Subsequent thereto the insured paid an additional premium and the insurer issued a "Renewal Certificate" showing a renewal of the policy effective 11/7/70 to 2/7/71, and stating:

"Your policy has been renewed, but there was no coverage in force between the lapse date and the effective date of the renewal period."

The prayer of plaintiff insurer is that the court enter a declaratory judgment construing the insurance policy and the applicable Ohio statutes and find that the policy

was not in force on October 16, 1970. The matter is before the court on plaintiff's motion for summary judgment based on the pleadings and affidavits filed in support of the motion..

There can be no question that under its terms the policy expired on October 11, 1970 and therefore provided no coverage on October 16, 1970. However, it is equally clear that the policy being an "automobile insurance policy" within the meaning of R. C. 3937.30 is governed by the provisions of R. C. 3937.31 *et seq.* The language of paragraph (A) of R. C. 3937.31 is crucial in the matter. It provides:

"Every automobile insurance policy issued or renewed on or after the effective date of this act shall be issued for a policy period of not less than two years or *guaranteed renewable for successive policy periods* totaling not less than two years. Where renewal is mandatory, '*cancellation*,' as used in R. C. 3937.30 to 3937.39, inclusive, *includes refusal to renew a policy* with at least the coverages, included insureds, and policy limits provided *at the end of the next preceding policy period.* No insurer may cancel any such policy except pursuant to the terms of the policy, and in accordance with 3937.30 to 3937.39, inclusive, and for one or more of the following reasons: * * *" (Emphasis added.)

We believe this language means the policy before us was required to be "guaranteed renewable for *successive* policy periods totaling not less than two years."

Plaintiff argues that the policy was never "cancelled" but simply "lapsed" because of its termination date. Certainly plaintiff is correct that in insurance law there is a distinction between "expiration" or "lapse" and "cancellation." However, the statute above set out says where renewal is mandatory, as it is here, "cancellation" as used in these sections included refusal to renew a policy. But, argues plaintiff, we did renew the policy and always stood ready to renew the policy for up to a two year period. In our judgment this is not the type of renewal contemplated by the statute, which requires that the policy be "guaran-

teed renewable for *successive* policy periods." The word "successive" means following each other without interruption. It is a synonym of the word "consecutive." If the word "successive" is to be given any meaning as it must in statutory interpretation, it can only mean that. Otherwise, it could have been omitted from the sentence entirely. This conclusion is buttressed by the use of the words "at the end of the next preceding policy period" in the following sentence.

We are here involved with a question of the intent of the Legislature. Plaintiff has submitted the affidavit of a former member of the Ohio General Assembly who sponsored the bill which became the act enacting the sections of the code with which we are here concerned. This affidavit seeks to interpret the intent of the Legislature. We believe that the meaning of the act must be determined from the words of the statute itself. The court cannot consider what an individual legislator, even the author of the bill, states he understood them to mean.

A review of the act entitled "An Act to Enact R. C. 3937.30 to 3937.39, inclusive, relative to cancellation and non-renewal of auto insurance," printed in 133 Ohio Laws 1007, leads us to the conclusion that coverage under automobile insurance policies, whether written for a two-year period or for ninety-day periods renewable for periods up to two years cannot be terminated except by compliance with the cancellation requirements set out therein. Not only do the words of the act itself so indicate but the logic of the situation dictates the same result. The obvious intent of the act was to prevent termination of coverage until the insured had gotten a good, clear notice that coverage was to terminate in adequate time to take care of the matter or obtain other coverage. If insurers could circumvent this legislative intent by simply writing ninety-day policies, the act would rapidly become ineffective. That the Legislature did not intend this result is clear in the language that "cancellation" includes "refusal to renew."

We conclude then that before an insurer can refuse to renew for a period commencing at the termination of the

preceding period of coverage, he must comply with the cancellation requirements of R. C. 3937.30 to 3937.39.

The issue then becomes was plaintiff's "Notice of Expiration and Renewal Order" mailed September 20th or its "Insurance Policy Notice of Lapse" mailed October 16th, a "cancellation" of the insurance under the above sections.

R. C. 3937.32 provides in part:

"No cancellation of an automobile insurance policy is effective, unless it is pursuant to written notice to the insured of cancellation. Such notice shall contain: * * *

"(C) The effective date of cancellation of the policy, which shall not be earlier than thirty days following the date of notice;

"(D) An explanation of the reason for cancellation and the information upon which it is based, * * *

"(E) Where cancellation is for nonpayment of premium at least ten days notice from the date of mailing of cancellation accompanied by the reason therefore shall be given; * * *";

The notice mailed September 20th could not have been a cancellation for nonpayment of premium because under the terms of the policy no premium was due until October 11th. It did not give an effective date of cancellation "not earlier than thirty days following the date of the notice." Accordingly, under R. C. 3937.32 it was not an effective cancellation.

The "Insurance Policy Notice of Lapse" mailed by plaintiff on October 16, 1970, even if it had complied with all other requirements of the above section, could not have effected a cancellation prior to October 26, 1970. Therefore, we conclude that the provisions of R. C. 3937.33 that "in the event of the insurer's failure to comply with any requirement of this section, such cancellation shall be ineffective and the policy shall continue in force until such time as it is cancelled or otherwise terminated pursuant to law and the terms of the policy" govern the issue here before us and defendant's policy was in effect on October 16, 1970.

*Plaintiff's motion for summary judgment denied.*